### JOSEPH P. CHILDS vs. F. W. ANDERSON.

Hampden.    Sept. 24, 1878. — Jan. 3, 1880.   AMES & SOULE, JJ., absent.

C. performed labor and furnished materials under a contract with B., for an entire price, in the erection of four buildings, one of which was on land owned by B., one on land owned by A., and the others on land the ownership of which did not appear. He then filed a petition, under the Gen. Sts. c. 150, as amended by the St. of 1872, c. 318, to enforce a lien on the house and land of A. for the labor performed by him on that house, and at the trial showed what such labor was worth. *Held,* that the petition could not be maintained.

LORD, J. The petitioner seeks to establish a lien upon the building of the defendant, under the provisions of the Gen. Sts. c. 150, as amended by the St. of 1872, c. 318. The contract under which the labor was performed or furnished was an entire contract made with one Black, and, so far as the respondent's interests are concerned, it may be presumed that the contract was made with his consent. By that contract, the petitioner, was to do work and furnish materials for an entire price, in the erection of four different buildings, one a house belonging to Black, who made the contract with him, one a house belonging to the respondent, the third a house, and the fourth a barn, the ownership of which last two structures does not appear by the bill of exceptions except that they were not owned by the respondent. In the preparation of the bill of exceptions it is undoubtedly true that very many facts were understood by the presiding judge and the counsel which cannot be gathered from the record. Whether the land, upon which these several buildings were or were to be, was in several contiguous parcels, or whether they were in different localities, cannot be discovered from the bill of exceptions. Whether any, and how much, labor was performed upon any other building than that of the respondent, does not appear, except as may be inferred from the fact that the petitioner testified " that he kept a daily account of labor performed upon each house and of the material furnished upon each house when the work was going on." Whether any work was done upon the barn does not appear, unless it appears that nothing was done from the phrase " the brick barn on Bliss Street named in said contract was to have been built upon land

in which the defendant had no interest." Whether the conveyance of the land on the west side of Hawley Street, which by the contract was to be a part of the consideration for the labor and materials under the contract, was actually made, does not appear, unless we take the statement of counsel at the argument. We must however deal with the questions as they are presented by the bill of exceptions. By that, it appears that the land of the defendant was selected from the entire land embraced within the contract, and it is attempted to attach to that a separate and independent lien for the labor performed upon that particular house. This, we think, cannot be done.

In *Wall* v. *Robinson*, 115 Mass. 429, it was decided that where labor is performed or furnished under an entire contract in the erection or repair of several buildings owned by the same person, and situated on the same lot, a lien attaches upon the whole estate, although the contract specifies separate amounts for the work to be done on each house. In *Batchelder* v. *Rand*, 117 Mass. 176, the same rule was held to apply where the land was conveyed in separate lots, or designated as separate lots on a plan; one parcel being upon one street, another upon another, but contiguous to each other in the rear, though the buildings were separate, one standing upon each lot so conveyed. As, however, we understand the claim of the petitioner, it is that where any labor is performed upon any building, the law creates a lien upon such building for such labor, notwithstanding it was done under an entire contract for an entire price for labor and materials; that the St. of 1872 intended to disregard all matters of contract, and create a lien for labor done upon any building irrespective of the contract under which it was done. We cannot adopt such construction of the statute; it is obviously inconsistent with the phraseology, as well as with the purposes of the act, and the rights of the parties.

The real question between the parties is simply whether the St. of 1872 intends to abrogate all contracts upon the subject of labor and materials performed and furnished under whatever agreement, and, by its own force, to create a lien upon any building for labor performed upon it, the price of which is to be *quantum valebat*, with the only qualification that the whole amount paid shall not exceed the contract price; or whether it is sim-

ply an extension of existing provisions of law, by which, regarding the contract between the parties as valid and in force, means are to be afforded to the party performing or furnishing labor to create a lien therefor under such contract, and consistently with its provisions, and in no respect limiting or controlling its terms. Inasmuch as in our view the latter is the true construction of the statute, and as none of the steps have been taken necessary to establish a lien under the provisions of law relating to liens thus created, and as the whole proceeding is based upon the construction of the statute first suggested, it is very clear that no lien has been created upon this separate distinct parcel of land independently of the lien which the law authorized the petitioner under his contract to create, and therefore the refusal of the court to rule that no lien existed upon this parcel of land was erroneous, and the.                *Exceptions must be sustained.*

*H. Morris & A. M. Copeland,* for the respondent.

*M. P. Knowlton,* for the petitioner.