PHILLIPS *v.* GILBERT.

1. A mechanic, pursuant to his contract with the owner of certain lots in the city of Washington, erected a row of buildings upon them. *Held*, that he did not lose his lien because his notice claimed it upon the property as an entirety, without specifically setting forth the amount claimed upon each building.

2. Where a bill is filed to enforce the lien, and the latter is discharged by the owner's written undertaking, with surety approved by the court, that he will pay the amount recovered with costs, — *Held*, that the decree *in personam* for the amount due the mechanic can be taken only against the owner.

3. The remedy of the mechanic against the surety is by an action at law upon the undertaking.

APPEAL from the Supreme Court of the District of Columbia. The facts are stated in the opinion of the court.

*Mr. George F. Appleby* for the appellant.
*Mr. Enoch Totten* and *Mr. S. R. Bond* for the appellees.

MR. JUSTICE BRADLEY delivered the opinion of the court.

The controversy in this case is as to the validity of a mechanic's lien claimed by the appellant upon certain houses and lots in the city of Washington. The defendant, Gilbert, in August, 1871, was the owner of the lots, and proposed to erect a row of brick buildings thereon, and agreed with the appellant that the latter should find the materials and build the houses (six in number) for the aggregate price of $32,000, to be paid by instalments as the work progressed. Phillips, the appellant, commenced the houses, and proceeded in their construction until the amount accruing to him was upwards of $12,000; when, the payments being behind, and certain incumbrances on the property not being lifted, as Gilbert had agreed they should be, he, Phillips, on the 23d of May, 1872, filed a mechanic's lien pursuant to the act of Congress then in force. This act, passed Feb. 2, 1859 (11 Stat. 376), declared that any person who should, by virtue of a contract with the owner of any building, perform labor or furnish materials for the construction or repair thereof, should, upon filing the proper notice, have a lien upon the building and the lot upon which it was situated. The notice of lien was required to be filed in the office of the clerk of the District Court at any time after the commencement of the building, and within three months after its completion; and the clerk was required to record it. The act declared that such liens should have precedence over all other liens or incumbrances which attached upon the premises subsequently to the time of giving the notice. For enforcing the lien the act provided a summary action at law and an execution against the premises, with a provision, in the eleventh section, that the defendant might file a written undertaking, with surety to be approved by the court, to the effect that he would pay the judgment that might be recovered, and costs, and thereby release the property from the lien. By a subsequent act, passed Feb. 23, 1867 (14 Stat. 403), it was declared that the proceed-

ing to enforce any lien should be by bill or petition in equity, and that the decree, besides subjecting the thing upon which the lien had attached to the satisfaction of the plaintiff's demand against the defendant, should adjudge that the plaintiff recover his demand against the defendant, and have execution as at law.

The bill was filed under this act on the 11th of June, 1873, and set forth the original contract, the performance of the work to the amount (as alleged) of $16,000, of which $5,000 was claimed to be unpaid, the filing and recording of the lien; and the further facts, that Gilbert had executed certain deeds of trust on the property to secure certain loans specified in the bill, and that on the sixteenth day of December, 1872, he had conveyed the entire property to the defendants, Boughton & Moore; and that on the 1st of February, 1873, Boughton & Moore executed six deeds of trust, one on each house and lot, to trustees, to secure six certain notes payable to the defendant, the Connecticut General Life Insurance Company; and prayed an account and a sale of the property, payment, and general relief.    The defendants were Gilbert, Boughton & Moore, the Connecticut Insurance Company, and the trustees in the several deeds of trust.

On the 25th of June, 1873, the defendants filed an undertaking entered into by Gilbert, Boughton, Moore, J. G. Bigelow, and one W. J. Murtagh; Bigelow being, as it appears, the agent of the Connecticut Insurance Company in effecting the loan for which the six last deeds of trust mentioned in the bill were given as security.    The substance of this undertaking was, that the undertakers would pay any judgment that might be rendered (including costs) upon or on account of the claim for lien made by the complainant.    No further notice of this undertaking seems to have been taken in the proceedings.

Boughton & Moore demurred to the bill, mainly on the ground that the claim for lien was void because made in gross upon six separate lots, without specifically setting forth the amount claimed upon each.

Gilbert filed an answer averring that the complainant had been fully paid for all the materials and work furnished by him; and the Connecticut Insurance Company filed a separate

answer, setting up their loan upon the property, the amount of which they stated to be $36,000; and alleging that, when they made this loan, Phillips, the complainant, executed and delivered to them a release of the lots from the effect and operation of his lien; and that upon the faith of this release they made the loan to Boughton & Moore; and they insisted that the complainant was estopped from proceeding on his claim for lien. They further stated that the release, together with the abstract of title with which it was placed, had been lost or mislaid; and they annexed to their answer a paper, which they averred to be a substantial copy of said release. This answer was verified by the affidavit of Bigelow. The alleged copy of release was dated Jan. 10, 1873, and purported to be directed to the clerk of the Circuit Court, requesting him to release the property in question from the mechanic's lien filed by Phillips on the twenty-third day of May, 1872. Thereupon Gilbert filed an amendment to his answer, alleging that he was informed and believed that such a release had been made by the complainant.

Replications being duly filed, the parties went into proofs.

On the 30th of March, 1874, an issue was directed to be tried by a jury to ascertain whether Gilbert was indebted to Phillips for work and materials in the construction of the buildings in question; and if indebted, how much, after deducting all payments and set-offs. Upon this issue the jury, on the 14th of June, 1875, found that Gilbert was indebted to Phillips for the cause aforesaid, after deductions, in the sum of $4,020.

Upon a final hearing upon the pleadings and proofs, the bill was dismissed, and Phillips appealed here.

Besides the question of indebtedness, the principal contest upon the proofs was whether Phillips had executed a release as set up in the answer of the Insurance Company, so as to estop him from claiming any lien upon the premises. That he did execute some paper of the kind was admitted by himself when examined as a witness; but his allegation is that he had bid off the property at a trustee's sale in November, 1872, and that the paper executed by him was given to Bigelow, the company's agent, for the purpose of raising a loan to himself; but that another arrangement was made whereby he gave up his bid, and never received a deed for the property, and aban-

doned his application for the proposed loan ; and that Gilbert induced Boughton & Moore to purchase the property, and the loan was made by the Insurance Company to Boughton & Moore : and he, Phillips, was induced to go on with the building of the houses for them on the same terms upon which he had engaged to do it for Gilbert, but upon the distinct understanding that the amount due him, and for which he held his lien, should be paid out of the moneys received from the Insurance Company ; that he never intended to give up his lien unless he had got the loan himself, or was paid the amount due him.

Without going into an examination of the testimony on this subject, it is sufficient to say that we have come to the conclusion that the facts were substantially as contended by Phillips, and that the agent of the Insurance Company knew perfectly well that Phillips never intended to give up his lien after his negotiation for a loan fell through. We are, therefore, of opinion that he was not estopped by the paper referred to, which seems to have unaccountably disappeared, and the contents and date of which are not clearly proved.

We are satisfied, therefore, that when this suit was commenced the complainant's lien was good against the property for the amount found by the jury to be due to him, unless it was void for the reason stated in the demurrer of Boughton & Moore ; namely, its being claimed on the whole row of buildings, and not on the buildings separately. We think, however, there is nothing in this objection. The contract was one, and related to the row as an entirety, and not to the particular buildings separately. The whole row was a building, within the meaning of the law, from having been united by the parties in one contract, as one general piece of work.

We are clear, therefore, that a decree ought to be entered in favor of the complainant against Gilbert personally for the amount found to be due to him, with interest from the date of the verdict.

The effect of the undertaking filed in the suit was to release the property from the lien, and to oblige the complainant to have recourse for security of payment to the parties who entered into said undertaking. It would facilitate the ends of

justice if a decree could be made at once against the under-takers, as is done against stipulators in admiralty proceedings. But we find. no. precedent for such a course upon a bond or undertaking given by way of indemnity in proceedings at common law or in chancery, unless it be expressly so stipulated in the instrument, or unless. the parties enter into a recogni-zance, which is matter of record.

.. Our conclusion, therefore, is, that the decree of the Supreme Court of the district must be reversed, and the cause remanded with instructions to enter a personal decree in favor of the complainant against the defendant Gilbert, for the amount of $4,020, with interest and costs; and that execution issue thereon; and further, to decree that the lien claimed by the complainant was a valid lien at the commencement of this suit; but that, by reason of the undertaking filed in the cause, the buildings and lots mentioned in the pleadings became released and dis-charged from the lien; and that the complainant have leave to proceed at once upon said undertaking in an action of law to be brought for that purpose; also, that the complainant have a decree for the costs against the defendants Gilbert, Boughton & Moore, and the Connecticut General Life Insurance Com-pany of Hartford; and it is

*So ordered.*