JEREMIAH T. CAHILL *vs.* ELIDA M. CAPEN.

SAME *vs.* MABEL S. PIPER.

Worcester.    October 2, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Mechanic's Lien — Entire Contract for Labor and Materials —*
*Apportionment of Labor.*

A builder erected two houses for adjoining owners of land for distinct prices under separate contracts, and a plumber contracted with him to furnish the labor and materials for the plumbing in both houses for an entire price. The plumber filed petitions under the Pub. Sts. c. 191, to enforce liens for the labor only performed on each house, and at the trial offered to show what such labor was worth. *Held*, that the petitions could not be maintained.

TWO PETITIONS to enforce mechanic's liens for labor only performed upon houses owned by the respective defendants.

At the trial of both cases together in the Superior Court, before *Dewey*, J., the petitioner offered to show that the respondents were the owners of adjoining lots of land, and that each employed one Murphy, a builder, to erect a house for her upon her lot, under a separate contract and for a distinct price; that Murphy contracted with the petitioner to furnish the labor and materials for the plumbing of both houses; that he duly performed his contract, the materials furnished being the same in value and the method of construction the same for each of the houses; and that the respective values of the labor and material furnished upon each house was ascertainable, the labor performed upon each house amounting to a certain sum.

The judge ruled that the contract between Murphy and the petitioner to furnish labor and materials in plumbing both of the houses for one entire price, and not for a distinct price as to each house, was not within the statute authorizing a mechanic's lien for labor only, under an entire contract for both labor and materials, and ordered the petitions to be dismissed. The petitioner alleged exceptions.

*C. A. Merrill*, for the petitioner.

*D. Manning, Jr.*, for the respondents.

KNOWLTON, J. These cases cannot be distinguished in principle from *Childs* v. *Anderson*, 128 Mass. 108. In that case the petitioner sought to establish a lien upon a building of the respondent for labor performed and furnished, under an entire contract with a duly authorized person to do work and furnish materials for an entire price upon that and upon three other buildings not owned by the respondent. But the court held the St. of 1872, c. 318, (Pub. Sts. c. 191, § 2,) to be inapplicable to such a case. That statute provides that, where labor is performed or furnished, or materials are furnished " upon an entire contract and for an entire price, a lien for the labor alone may be enforced, if it can be distinctly shown what such labor was worth, but in no case shall such lien be enforced for a sum greater than the price agreed upon for the entire contract."

In seeking the aid of this statute, where a contract required labor to be performed or furnished, and materials to be furnished upon several buildings of different owners for an entire price, a petitioner, in his several suits to enforce liens upon each of the different estates, would find it impossible to show in each case " the price agreed upon for the entire contract," by which the statute limits the sum for which a lien can be enforced.

The same statute also provides, that, in making a statement to be filed in the registry of deeds, "if a lien is claimed only for labor performed or furnished under an entire contract which includes both labor and materials at an entire price, the contract price, the number of days of labor performed or furnished, and the value of the same, shall also be stated." Pub. Sts. c. 191, § 6. This calls for the contract price for the labor and materials upon the building named in the statement. But in the case supposed, there is no such contract price. There is a single price for the labor and materials upon all the buildings named in the contract, and there is no way of apportioning it. The statute was not intended to cover cases of this kind.

*Exceptions overruled.*