RICHARD C. WILLIAMS *vs.* MORRIS WEINBAUM & another.

Middlesex.   January 11, 1901. — March 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

One having a written contract with a landowner, for lathing and plastering a certain building, executed an instrument which, after describing the contract, read as follows: This contract "I hereby transfer and assign to A. B., who will collect the payments according to the contract, and to whom all moneys are to be paid. And I do hereby constitute and appoint the said A. B. and his assigns to be my attorney irrevocable in the premises, to do and perform all acts, matters, and things touching the premises, in the like manner to all intents and purposes as I could if personally present." Below this instrument there was signed by the landowner the following assent: "I assent to above assignment and agree to pay A. B. according to contract." *Held*, that this instrument was not an assignment of the contract but merely an order or power of attorney to receive the payments under it.

One who has contracted with a landowner to furnish for a round sum labor and materials in the erection of a building, and has given to a third person an order to receive the payments under his contract, which has been accepted by the landowner, does not cease to have a debt due him from the landowner which entitles him to establish a mechanic's lien, since the money earned is due to him who performed the labor and furnished the materials, although he has ordered it paid to another.

PETITION to enforce a mechanic's lien brought by Richard C. Williams for the benefit of William K. Pinkham, for labor and

materials furnished by Williams under a contract with one Rudnick, filed December 30, 1899.

The case was defended by the respondent John P. Webber, a mortgagee of the land and building on which the lien was sought to be enforced.

At the trial in the Superior Court, before *Gaskill*, J., it was admitted that the certificate was filed December 18, 1899, and that the description of the property therein contained was sufficient and the name of the owner correct. It was not disputed that the account was just and true, unless it was shown to be untrue by the following facts:

The labor mentioned was performed and furnished by the petitioner and men in his employ under a contract with Morris Rudnick of Boston, dated August 21, 1899, by which the petitioner agreed to furnish all the labor and materials for the lathing, wire lathing and plastering in the building numbered 770 on Massachusetts Avenue, in Cambridge, then belonging to Rudnick. In consideration of the performance of this agreement, Rudnick agreed to pay Williams $1,525 in the following manner: $700 when the house was all mortared, $300 when the plaster was all skimmed, and the balance of $525 thirty days after all the patching was done and the entire job was completed.

Thereafter, the following instrument was executed by Williams and delivered by him to Pinkham, and the assent thereon was signed by Rudnick:

"Boston, August 29, 1899. Mr. Morris Rudnick, Boston, Mass. Dear Sir: The written contract that I made with you for the lathing and plastering for the building situated in Cambridge, and numbered 770 on Massachusetts Avenue, the amount of which is fifteen hundred and twenty-five dollars ($1,525.00), I hereby transfer and assign to William K. Pinkham, who will collect the payments according to the contract, and to whom all moneys are to be paid. And I, Richard C. Williams, do hereby constitute and appoint the said William K. Pinkham and his assigns to be my attorney irrevocable in the premises, to do and perform all acts, matters, and things touching the premises, in the like manner to all intents and purposes as I could if personally present. In witness whereof, I have set my hand and seal, this twenty-ninth day of August, 1899. R. C. Williams (*seal*). Signed, sealed and delivered in presence of Ella A. Taylor."

"Boston, Sept. 8, 1899. I assent to above assignment and agree to pay W. K. Pinkham according to contract. Morris Rudnick."

Thereafter Pinkham received the payments under the contract and paid the men other than the petitioner employed on the work. It did not appear in what capacity the payments were made and the money received, nor was there any further evidence bearing on the scope and effect of the assignment. .

On this evidence, the respondent asked the judge to rule, that the account in the certificate was not just and true, since by virtue of the assignment and the memorandum annexed thereto the sum named was due not to Williams but to Pinkham.

The judge refused to rule as requested, and thereupon the respondent consented, subject to his exception to such refusal,.that the jury might find that said account was just and true.

The respondent further requested the court to rule, that the assignment operated as matter of law to terminate the petitioner's lien, but the court refused so to rule, and upon the petitioner's motion, after the jury had answered the issues, ordered the lien established; and the respondent Webber alleged exceptions.

*C. M. Hemenway*, for the respondent Webber.

*E. F. McClennen*, for the petitioner.

MORTON, J. This is a petition to enforce a mechanic's lien for labor, and is defended by the mortgagee alone. It is admitted that the labor for which a lien is claimed by the petitioner was performed and furnished by him under his contract with Rudnick. The mortgagee contends that the petitioner is not entitled to a lien, because there was nothing due him when he filed the certificate of lien. His contention is, in substance, that the petitioner assigned the contract to Pinkham; that Rudnick assented and agreed' to the assignment; that the petitioner ceased to have any interest in the contract; and that what became due under it was due to Pinkham and not to the petitioner; and therefore the statement by the petitioner in the certificate of lien that the account was a just and true account of the amount due him for labor and materials performed and furnished by him was not true. We think that this contention proceeds upon an erroneous view of the effect of the so called assignment. It seems to us that that was in effect merely an

order or power of attorney given by the petitioner to Pinkham, and assented and agreed to by Rudnick, authorizing the latter to pay to Pinkham and authorizing Pinkham to receive what should thereafter become due under the contract. There was not in any just sense a novation. There is no suggestion in the so called assignment as there was in the assignment in the case of *Derby* v. *Sanford*, 9 Cush. 263, that Pinkham was to undertake the work, and he did not undertake it. On the contrary, the petitioner performed and furnished the labor and materials required by the contract, and could have been compelled, we think, by Rudnick to do so, or to respond in damages. It would be going far, it seems to us, to say on what appears in these exceptions and nothing more, that Rudnick released the petitioner and agreed to look to Pinkham for the performance of the contract, and that Pinkham agreed to perform and furnish the labor and materials required. The contract not having been assigned, the request by the respondent based on the fact that it was assigned was rightly refused.

The respondent contends, further, that there was no debt due to the petitioner. It is no doubt true that to support the lien there must be a debt due to the petitioner. But in case of refusal on the part of Rudnick to pay according to the terms of the order, an action could be brought by the petitioner in his own name for the benefit of Pinkham, and in a just and true sense, therefore, the balance due for labor could be said to be due to the petitioner notwithstanding it was payable according to the terms of the order to Pinkham. It would be strange if a party who had contracted with another to furnish labor and material for a round sum in the erection of a house and who had given an order to a third person which had been accepted by the owner of the house should be held to have lost thereby his right to a lien. The party receiving the order would have no right to a lien because he did not furnish the labor and material, and the result would be that no one would be entitled to a lien. No case has been called to our attention in which such a rule has been laid down.

*Exceptions overruled.*