## CHARLES MOORE & another *vs.* NORA DUGAN.

Middlesex.  January 8, 1901. — May 24, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Auditor's Report, Prima facie* evidence. *Mechanic's Lien*, Construction of finding, Unnecessary joinder of assignee as party, Lien for work under a contract substantially but not completely performed, Assignment of contract without novation.

Auditors' reports are made *prima facie* evidence by Pub. Sts. c. 159, § 51, and are therefore always admissible upon matters embraced in the order of appointment.

On a petition to enforce a mechanic's lien, the first issue was "Did the petitioners perform the labor and furnish the materials set forth in the petition under the contract therein set forth ? " Upon this issue the jury answered "No," but their answers upon the other issues showed that they meant by this answer merely that the contract had not been fully performed. *Held*, that the answer should be thus interpreted and was no bar to the establishment of the lien.

A builder, who had partly constructed a house under a contract, assigned the contract, and the work thereafter was done by the builder for his assignee. A petition to establish a mechanic's lien was filed in the names of and verified and signed by both the builder and the assignee. The respondent took no objection to the form of the petition except by a request made at the trial to order judgment for the respondent. The judge ordered the lien established in the name of the builder. *Held*, that the respondent was not harmed by the fact that the petition was made in both names, that the respondent's relation to the builder was not changed by the assignment, and, if the assignee ought not to have joined in the petition, his joining was no ground for giving a judgment for the respondent.

On a petition to enforce a mechanic's lien, it appeared by the findings, that a contract for the erection of a building, made by the petitioner with the owner of the land, had been substantially but not completely performed, and also that extra work had been done in connection with the erection of the building at the request of the owner. A request to enter judgment for the respondent was refused. *Held*, that the refusal was right, there being clearly a lien for the extra work, and, also, that the petitioner might establish his lien for the amount due him in equity and good conscience for the benefit conferred by him on the landowner by placing the structure on the land, that the claim was within the language of Pub. Sts. c. 191, § 1, a debt for labor and materials furnished, and that the provisions of § 2 in regard to a lien for labor alone had no effect upon it.

On a petition by two petitioners to enforce a mechanic's lien, it appeared, that the labor and materials for which the lien was claimed were performed and furnished under a written contract between a builder, one of the petitioners, and the respondent; that the work was begun and carried on by the builder up to a certain time, when he assigned his contract to the other petitioner. The assignee employed the builder to complete the contract, and from that date, until work upon the contract ceased, all labor and materials were furnished to the builder by the assignee. *Held*, that the assignment was not a bar to the lien; that as to the respondent, there being no novation, the builder remained the contractor, and

the assignee, in doing or furnishing the work after the assignment, acted under the authority which the contract gave to the builder, so that in effect the builder performed the work, and his lien could be enforced for the benefit of his assignee.

PETITION to enforce a mechanic's lien founded on a building contract between the petitioner Harvey Taylor and the respondent Nora Dugan, which was assigned by Taylor during the progress of the work to the petitioner Charles Moore, the petitioner Taylor joining therein in the interest and for the benefit of Moore, the assignee of the contract, filed May 12, 1899.

In the Superior Court, *Hardy,* J., directed that the lien be established for the sum of $836.50, the amount found by the jury in its answers to the issues, as against Nora Dugan and her property described in the petition, in favor of the petitioner Harvey Taylor, for the benefit of the assignee, Charles Moore. The respondent alleged exceptions. The whole case is stated in the opinion of the court.

. *P. B. Kiernan,* for the respondent, submitted the case on a brief.

' *W. B. Durant,* for the petitioners.

BARKER, J. The labor and materials for which the lien was established for the sum of $836.50 were performed and furnished under a written contract entered into between the petitioner Taylor and the respondent Dugan on October 10, 1898. The work was begun a week later by Taylor and was carried on by him until February 11, 1899, when he assigned all his right, title and interest in the contract to the petitioner Moore, who employed Taylor to complete the contract, and from that date to March 29, 1899, when work upon the contract ceased, all labor and materials were furnished to Taylor by Moore.

. On April 14, 1899, the petitioners joined in making and recording a certificate of the lien, claiming a balance of $817.62 as due, and alleging that Moore, and Taylor in Moore's behalf, claimed a lien for the said sum due Moore, the contract and the assignment to him both being set out. Moore and Taylor also joined in the petition to enforce the lien, filed May 12, 1899. The petition set up the contract and the assignment to Moore, the completion of the performance by him, employing Taylor, the existence of the lien and the previous steps in its enforcement, Taylor joining in the petition in the interest of and for the benefit of Moore.

The respondent Dugan's answer denied the allegations of the petition and alleged in defence that Taylor had neglected to perform his contract, that work had been improperly done, and that she had been put to expense and trouble because of Taylor's delay, and that nothing was due from her upon the contract.

The case was first heard by an auditor, before whom the respondent objected to the introduction of evidence by the petitioners, and evidence being admitted excepted. Of course such exceptions cannot be argued here, and it does not appear from the record before us whether any motion to recommit or annul the auditor's report was made in the lower court. Issues were tried and found by a jury and one of the two exceptions presented by the bill which is before us was to the admission of the auditor's report in evidence. As such reports are made *prima facie* evidence by the statute, this exception must be overruled. Pub. Sts. c. 159, § 51.

When the issues were framed the parties agreed that all issues of fact arising at the trial and not enumerated in the issues framed should be determined by the court.

, The account which is part of the petition charges the respondent Dugan with the contract price of $3,000, as the first item. Then follow twelve items for extra work.

Upon the issues framed the jury found that the petitioners had furnished the labor and materials set forth in the twelve items, in addition to the labor and materials required by the contract, at the request and by the consent of the respondent Dugan, and that there was due the petitioners therefor the sum of $35.40, and that there was due the petitioners under the contract the sum of $801.10 ; that the petitioners have given just credit for all payments received by them on account of the contract, and on account of the extra labor and materials; that they ceased to furnish labor and materials on March 29, 1899; that the work during the last part of it, which may be from the date of the assignment of February 11, 1899, or from the date when Dugan actually obtained her deed of the land, which is not given, was performed and furnished with the knowledge and consent of Dugan; that the value of the work and materials performed and furnished under the contract after Dugan became the owner of the land was $1,500; that the work upon

the contract was begun before the deed to Dugan and thereafter was performed continuously until its cessation, with her knowledge and consent, and that the petitioner Taylor made the assignment of the contract to Moore. From these findings we infer, what does not explicitly appear, that when Dugan made the contract for the building of the house she had not acquired title to the land, and that she did acquire title while the work was going forward.

Besides the finding stated, the first issue was, " Did the petitioners perform the labor and furnish the materials set forth in the petition under the contract therein set forth with Nora Dugan," and upon this issue the jury answered " No." But it is clear from the whole record, as is stated in the order of the presiding judge establishing the lien, that this meant only that the contract had not been fully performed, as was conceded at the trial; and that the matter of the assignment was not the foundation of the negative answer. After the trial and the answers of the jury the court established the lien as against Dugan and her property in favor of the petitioner Taylor for the benefit of the assignee the petitioner Moore. At the trial Taylor testified that he had no pecuniary interest in the result of the suit, and that it belonged to Moore from whom he had received his pay in full for all labor and materials furnished and for his own labor. The petitioners conceded at the trial that the contract had not been completely performed, and did not claim the entire contract price, but offered to deduct whatever amount ought in fairness to be deducted for the work not done. The contract price was $3,000, and the payments credited amounted to $2,150. There had been a reference to arbitrators under the contract before the filing of the petition to enforce the lien. The only exception save that to evidence, above disposed of, was to a refusal to order judgment for the respondent.

The questions for determination are whether the establishment of the lien is barred, either by the negative answer given by the jury to the first issue, or by Taylor's assignment of his interest in the contract to Moore, and whether the form of the petition is fatal to the establishment of the lien.

As to the latter question, the respondent took no objection to the form of the petition except by the request made at the trial

to order judgment for the respondent. She was not harmed by the fact that the petition was made in the name of and verified and signed by both Taylor and Moore. The order of the court established the lien in the name of Taylor, whose relation to the respondent was not changed by the assignment. If Moore ought not to have joined in the petition his joining was no ground for giving a judgment for the respondent.

As to the negative answer of the jury to the first issue, its effect in connection with their other findings and the finding of the court is merely to show that a contract for the erection of a building, made with the owner of the land, has been substantially although not completely performed, and that the state of affairs is such that the owner is justly indebted to the builder on account of his attempt to perform the contract, and also for extra work done in connection with the erection of the building, at the request and with the consent of the owner. The exception to the refusal to enter judgment for the respondent, must in any event be overruled because there was clearly a lien for the extra work. See *Mulrey* v. *Barrow*, 11 Allen, 152. But as against an owner who has himself contracted with a builder for the erection of the building there is no reason in our statute, or in the construction put upon it by the courts, for declining to establish a lien for the amount justly due from the owner to the builder.

The builder may establish a lien for the amount due him in equity and good conscience for the benefit conferred by him on the landowner by placing the structure on the land, when his contract made with the owner has been substantially performed, although something called for by the contract may not have been done. The case is within the language of the first section of the statute, a debt " due for labor performed or furnished or for materials furnished and actually used in the erection . . . of a building . . . upon real estate " by virtue of an agreement with the owner. As the lien in such a case is for everything furnished, the labor and materials being upon the same footing, the second section of the statute, originally enacted as St. 1872, c. 318, § 1, has no effect upon it, being intended merely to give a lien for labor in some cases where there was no enforceable lien for both materials and labor. No apportionment of the

general balance due as arising from one feature of the work done rather than another; as from labor rather than from materials, is necessary; but merely the ascertainment of what was due upon a *quantum meruit* for both labor and materials, that is to say, upon the whole work. See *Felton* v. *Minot*, 7 Allen, 412; *Graves* v. *Bemis*, 8 Allen, 573; *Mulrey* v. *Barrow*, 11 Allen, 152; *Gogin* v. *Walsh*, 124 Mass. 516; *Smith* v. *Emerson*, 126 Mass. 169, 175; *Childs* v. *Anderson*, 128 Mass. 108; *Cahill* v. *Capen*, 147 Mass. 493.

The assignment was not a bar to the establishment of the lien. There was no novation. As to the respondent, Taylor remained the contractor; and Moore in doing or furnishing the work after the assignment acted under the authority which the contract conferred upon Taylor. In effect Taylor performed the work, and his lien could be enforced by him for the benefit of his assignee. See *Busfield* v. *Wheeler*, 14 Allen, 139; *Williams* v. *Weinbaum*, 178 Mass. 238.

*Exceptions overruled.*