State ex rel. Sanchez v. Casados, 27 N. M. 555

---

(No. 2511.   Nov. 30, 1921.)

STATE ex rel. SANCHEZ, et al. v. CASADOS, et al.

(Rehearing Denied Jan. 16, 1922.)

### SYLLABUS BY THE COURT

An expense incurred, consisting of attorney's fees and costs in controversy between certain commissioners of a community ditch corporation, is a proper expense to be paid by the water users in proportion to their interests in the ditch, and for the nonpayment of which the use of the water can be denied to them.

Appeal from District Court, Rio Arriba County; Holloman, Judge.

Proceeding in mandamus by the State, on the relation of Narciso Sanchez and others, against Pedro A. Casados and others, to compel furnishing of water, and during the pendency of an appeal the court decreed the relators should have their proportionate share of water, and from the judgment denying mandamus and holding that certain charges against users were legitimate, and that for the nonpay-

ment thereof the relators could be deprived of water, the relators appeal.   Affirmed.

Renehan & Gilbert, of Santa Fé, for appellants.

E. P. Davies, of Santa Fé, for appellees.

### OPINION OF THE COURT

RAYNOLDS, C. J.   The appellee La Acequia de San Rafael del Quiquem is a community ditch corporation, and Pedro A. Casados and Simon E. Casados were two members of the ditch commission, and one Juan C. Borrego was a third member of such commission.   Prior to the institution by the relators of this suit below an action had been brought by Pedro Casados and Simon Casados against Juan C. Borrego in mandamus to obtain possession of certain books and records, which were in his possession under the claim that he was secretary of the ditch corporation.   He had been elected secretary when the board was organized, but subsequently another meeting was held, which all of the commissioners attended, and at which Juan C. Borrego was displaced as secretary and elected treasurer, and Pedro Casados was elected or chosen secretary.   Borrego denied the authority of the two members of the commission to displace him, claiming his election was for the entire year.   The district court in the suit which arose out of this controversy held against Borrego's contention, and required him to deliver over the minute book of the corporation and a copy of a certain contract.   Before the commencement of the present suit the respondents demanded from the relators their respective proportionate share of the costs, attorney's fees, and expenses of the original mandamus suit, brought to obtain possession of the minute book and contract, the total of which expense was $186.96.

It was admitted on the hearing by the respondents that the relators were not in default for failure or

refusal to do their respective proportionate shares of the ditch work, or to pay any amount assessed against them in lieu of said work upon the acequia, but that they and each of them had been refused water for irrigating their lands under said ditch because they had failed and refused to pay their respective proportionate shares of the costs and expenses of said mandamus suit. It is also admitted at the time the original suit was brought there was no rule of the ditch commissioners in existence for assessment against said water users for costs, attorney's fees, and expenses of such litigation, and that there was no by-law in force at the time of the making of the assessment. Each of the relators was a water user of the ditch, and entitled to water for irrigating purposes for their respective lands. The court below found as a matter of law that said right and title to the water was subject to suspension for failure to meet the assessments made by the commissioners for the payment of such costs and attorney's fees in the former suit. The court further found that the charges for which the assessment was made were legitimate charges incident to the proper conduct and care of the acequia, which was under the commissioners' charge. The court denied the mandamus to compel the commissioners to furnish relators with water, and held that the assessments were legitimate charges against the relators. During the pendency of the appeal, however, the court decreed that the relators should have their proportionate share of the water. From this judgment denying the mandamus and holding that such charges were legitimate, for the nonpayment of which the relators could be deprived of the water, the relators appeal to this court.

Appellants have assigned many errors, but stated in their brief that all of them may be grouped under one head, to wit, that the assessment was illegal and ultra vires, and that the lower court's approval

of it was erroneous. In the first place it is suggested by appellee that the case abate, as, the time having long since passed and new commissioners having been elected, the question is moot, and we are urged to dismiss the case on that account. We think the point is not well taken. Mandamus in this case is against the ditch corporation as well as the commissioners thereof, and does not abate by a change in the personnel of the commission. Commissioners v. Sellew, 99 U. S. 624, 25 L. Ed. 333. If the charge is held to be a legitimate one, it may still be assessed and collected by the successors of the respondents, and the question of the liability of the relators is not a moot question. The statute which governs this case (Code 1915, § 5754), or as much thereof as is necessary for this decision, provides that the commissioners are empowered to assess fatigue work or tasks to contract or be contracted with, and also to make all necessary assessments to provide funds for the payment of the salary of the mayordomo and all other legitimate expenses incident to the further conduct and maintenance of the acequias under their charge. It is contended by the appellant that the words "conduct and maintenance of the acequias under their charge" relate only to the operation of the acequia, such as repairing it, cleaning it, rebuilding when destroyed, and any other physical activity affecting the water conduit. It is also contended that the right to deprive participants in the ditch of water can only be exercised under section 5755, Code 1915, where a person after due notice has failed or refused to do his work or pay the amount assessed against him in lieu of such work, and that the relators could not be deprived of the water except for failure to do the work prescribed by this section. We think the view contended for by the relators is too narrow, and that the language of the statute permits assessments to be made for the payment of such costs and expenses as are the subject of this ap-

peal, and we hold that such costs and expenses are within the language of the statute, which provides that assessments may be made to provide funds for "other legitimate expenses incident to the proper conduct and maintenance of the acequias under their charge."

For the reasons above stated, we hold that the court below correctly decided that assessments for such expense were proper and could be enforced, as was done in this case, by depriving those refusing to pay the assessment of their proportionate share of the water. The case is therefore affirmed; and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate in this decision.