WEST COAST BUILDERS SUPPLY CO., a Corporation Organized and Existing Under the Laws of the State of Florida, *Appellant*, v. J. FRANKLIN SPEARS AND WIFE, MARIE SPEARS, J. ARCHIE CLEMENT AND WIFE, MARGUERITE CLEMENT, J. N. FARMER, J. C. McCROCKLIN, as Trustee, First National Bank of Tarpon Springs, Florida, a Corporation, *Appellee*.

Division B.

Opinion filed July 11, 1928.

*Shackleford & Brown* and *J. Rex Farrior*, Attorneys for Appellant;

*Sikes & Edgar* and *J. C. Davant*, Attorneys for Appellees.

BUFORD, J.—This is an appeal from an order sustaining a demurrer to a third amended bill of complaint and dismissing the bill of complaint and from an order denying a rehearing. The bill of complaint was to foreclose a material man's lien on two lots, one of which was owned by J. Franklin Spears and the other was owned by J. Archie Clement. The bill alleges that the material was purchased jointly by J. Franklin Spears and J. Archie Clement as co-partners doing business as Spears & Clement for the purpose of erecting two houses, one on each of the lots. The bill shows that the materials used in the construction of the buildings were delivered on instructions from Spears & Clements jointly to a contractor who was building the two houses on the two lots and that the material was used indiscriminately in the construction of both houses and appurtenances, that no account was kept, or could be kept, by the material men of which house the particular material delivered was used in. It further alleges that notice of lien against both of the lots was caused to be filed on or about October 6th, 1928, and that such notice was recorded in Lien Book 17 on page 411 in the office of the Clerk of the Circuit Court of Pinellas County, Florida. It alleges that the material men's lien accrued when material began to be furnished about January 15, 1926; that the material was furnished between January 15th, 1926 and July 10th, 1926, and that such lien was superior to a mortgage made by Spears and wife to the First National Bank of Tarpon Springs filed March 20th, 1926, and superior to a mortgage made by Clement and wife to J. N. Farmer, recorded March 16th, 1926.

It is contended that the complainant in the court below, the appellant here, acquired no materialmen's lien on the houses and lots because one lot belonged to Spears and the other belonged to Clement and that the notice of lien did

not specify the amount or value of material furnished for the house on the lot owned by Spears and did not specify the amount or value of material furnished for the house on the lot owned by Clement and that the allegations of the bill did not show the amount of the lien claimed on each lot separately. We deem this to be entirely immaterial. The bill alleges that it was a *joint* contract, made by the owners of the two separate lots, for material to be used by them as they saw fit in the construction of two houses, one on each lot. In other words, according to the allegations of the bill of complaint, they ordered the material to be delivered in bulk, to be separated and used by them or their contractor as they saw fit to use it in the construction of the two separate houses and when this was done the materialmen acquired a lien on both lots for the full amount of the material furnished, regardless of which lot any certain part of the material might have been used on. The lots constituted one parcel of land for the purposes of the joint contract alleged.

Assuming the allegations of the bill to be true, the lien acquired by the complainant in the court below is prior in dignity to other liens and claims of the defendants named in the bill of complaint.

The demurrer to the third amended bill of complaint should have been overruled.

The orders appealed from should be reversed and it is so ordered.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J. AND STRUM AND BROWN, J. J., concur in the opinion and judgment.