RUFUS RATHBURN, *Appellant*, v. W. S. LANDESS and LUCY W. LANDESS, his wife, LARGO HEIGHTS DEVELOPMENT Co., a Corporation; CLEARWATER BUILDERS SUPPLY COMPANY, a Corporation; FIRST NATIONAL BANK OF SANDERSVILLE, GEORGIA, a Corporation; R. F. WYATT, Administrator of the Estate of F. A. PARKER, deceased; A. M. GREEN, a Single Woman; and COLONIAL WORKS, INC., a Corporation, *Appellees*.

Division B.

Opinion filed August 2, 1930.

508

*Baskin & Jordan,* for Appellant;

*Guss Wilder,* for Appellees.

BUFORD, J.—In this case the appellant brought suit to foreclose a mortgage for the sum of Twenty-three Hundred ($2300.00) Dollars on Lot 8 of Block 4, Largo Heights subdivision, Pinellas County.

The mortgage originally included also Lot 7 of the same block, but the mortgage as to this, Lot 7, was released before institution of suit. The mortgage was executed July 21, 1926, and recorded July 27, 1926.

Clearwater Builders Supply Company, a defendant, filed answer alleging that the indebtedness due under the mortgage was only Two Thousand ($2,000.00) Dollars and further alleged that this defendant had furnished to the owner, the defendant Landess, certain material for the construction of a house on Lot 8; that the first of said materials were furnished April 28, 1926, and the last of said material was furnished on July 12, 1926; that the fair value of the materials was $2,000.00 and had not been paid. Defendant claimed a lien on Lot 8 for $2,000.00 and interest from July 12, 1926. It alleged that complainant had actual knowledge of defendant's lien and that complainant took his mortgage at the time when the building on the premises was in process of construction.

Notice of lien was filed in the office of the clerk of the circuit court on August 17, 1926. This notice of lien was properly signed and sworn to and was in the following language:

"Notice of Lien.
"To Whom It May Concern:
"Notice is hereby given that Clearwater Builders Supply Company, a corporation organized and existing under the laws of the State of Florida and having its principal place of business at Clearwater, Florida,

510

has furnished building materials and supplies used and to be used in the construction of a certain building situated on the following described premises in Pinellas County, Florida, to-wit:

"Lots seven and eight of block four of Largo Central subdivision, according to the recorded map or plat thereof as the same appears of record in the office of the clerk of the circuit court in and for Pinellas County, Florida, and that the furnishing of said material began on the 17th day of April, A. D. 1926, and concluded on the 12th day of July, A. D. 1926, within three months of the date hereof.

"That the said Clearwater Builders Supply Company claims a lien on said premises in the sum of $2,000.00 and hereby gives notice of its intention to hold a lien on the above described real estate, said sum being the balance due by the owner, W. S. Landess, to said Clearwater Builders Supply Company on said account. And that said materials were furnished to the owner of said lots on the order of the owner, W. S. Landress.

"Dated this 17th day of August, A. D. 1926."

This notice perfected a lien on lots 7 and 8 jointly for the amount of $2,000.00. The evidence shows that the lien was filed after the mortgage was executed and delivered to the complainant and it also shows that the mortgage was executed and delivered to the complainant after all the material had been furnished by the defendant, Clearwater Builders Supply Company.

On the trial, Mr. B. T. Harrop testified in answer to the question "What connection have you, if any, with the Clearwater Builders Supply Company?" Answer: "Secretary, treasurer, manager, truck driver and all." And

he further testified that after filing of the notice of lien his company had released lot 7 from the operation of the lien. The record shows that prior to the institution of this suit Clearwater Builders Supply Company had filed a bill in chancery to enforce the lien claimed on Lot 8, by order of the court, the two suits were consolidated.

As has often been said by this Court, the lien acquired by the materialman for material furnished is statutory and the statutory procedure must be strictly complied with if he would enforce his lien.

The lien claimant in this case contracted to furnish material for the building of two houses which were to be built on separate lots, one on lot 7 and the other on lot 8. It was like that contract referred to in the case of West Coast Builders Supply Co. v. Spears, 96 Fla. 178, 117 So. R. 794. Both parties to the contract treated the two jobs as a unit and the materialman failed to keep account of the material going into each job separately. He also failed to file a notice of lien against each lot separately and in this he failed as to lot 8 to comply with that provision of the statute which is, ''Such notice shall contain a statement of the amount claimed, a description of the property upon which the lien is claimed and a notice of the intention to hold a lien for a said amount.'' The meaning of this is that the notice should contain a statement of the amount claimed for materials furnished for improvement of the identical property upon which the lien is claimed and a description of that property upon which such lien is claimed. The failure to comply with the statute is that the lien claimant did not in his notice of lien state the amount due him for materials furnished for the construction on lot 8. If he had stated such amount then to maintain his claim it would have been necessary for him to show the value of the material which he furnished for the improvement on lot 8 and

he could not show this by showing what he furnished for improvements on lot 7 and on lot 8 and then make an estimate of the amount furnished for lot 8. When the claimant released lot 7 from the operation of the lien it effectually estopped itself from enforcing its lien against lot 8 as against other lien holders and purchasers and creditors. Such action, however, would not estop the lien claimant from enforcing his lien as to lot 8, as against the owner, because the owner for a valuable consideration released lot 7 and agreed with the lien claimant that he should retain his lien for the balance due on lot 8. Under this condition the owner would be estopped from taking advantage of the release of lot 7 by the lien claimant. On the trial the lien claimant was unable to prove the value of the material furnished for the construction on lot 8. By decree the court held the defendant, Clearwater Builders Supply Company, entitled to priority and the enforcement of a lien for $1,977.13. The court had before it a stipulation entered into after the claimant had failed to prove the value of the materials furnished, the material part of which was as follows:

"It is stipulated among counsel for the parties that the Clearwater Builders Supply Company furnished materials under one contract for the construction of the houses on Lots 7 and 8, Block 4, Largo Central Subdivision, amounting to $3,389.37, $2,000 of which has not been paid, and that there were kept no separate records or accounts as to the amounts which went into each."

In Phillips v. Gilbert, 25 Law Ed. 883, it is held:

"A mechanics' lien for materials for and work on a row of buildings is not void because of its being claimed on the whole row of buildings, and not on the buildings separately."

In Stoltze v. Hurd et al., a case from the Supreme Court of North Dakota, reported 128 N. W. R. 115, the court enunciated the rule which appears to have been approved by a majority of the courts of the country and which is in line with the decision of this court in West Coast Builders Supply Co. v. Spears, *supra,* in the following language:

"The doctrine is well settled that where one seeks to avail himself of the benefits of a purely statutory right, he must bring himself fairly within its provisions, by complying with its terms. A mechanics' lien is a creature of the statute, and every step prescribed by the statute must beshown to have been substantially followed, or it does not exist. Mark Paine Lbr. Co. v. Douglas County Imp. Co. et al., 94 Wis. 322, 68 N. W. R. 1013; Rosholt et al. v. Corlett et al., 106 Wis. 474, 82 N. W. R. 305; Caylor v. Thorn, 125 Ind. 201, 25 N. E. R. 217; Robins v. Blevins, 109 Mass. 219; Berry v. McAdams, 93 Tex. 431, 55 So. W. R. 1112; Neeley v. Searight, 113 Ind. 316, 15 N. E. R. 598; Schulenburg v. Bascom, 38 Mo. 188; Clark v. Edwards, 119 N. C. 115, 25 So. E. R. 794; Shafter v. Archbold, 116 Ind. 29, 18 N. E. R. 56; N. D. Lbr. Co. v. Bulger, 125 N. W. R. 833.

"There was but a single joint contract made by defendant Hurd with the owners of the lots for the construction of a building upon both lots. The plaintiff sold the building material to defendant Hurd under one contract for both buildings. The contract entered into by the lienor is the basis of the lien and if the contract under which the work is done and the material furnished is joint 'the lien must be joint or not at all.' Sergeant v. Denby, 87 Va. 206, 12 So. E. R. 402. The United States Supreme Court, in Phillips v. Gilbert, 101 U. S. 721, 25 L. Ed. 833, in an appeal from the Supreme Court of the District of Columbia in which the

Act of Congress passed February 2, 1859 (Act Feb. 2, 1859, c. 17, No. 1, 11 Stat. 376), providing that 'any person who should by virtue of a contract with the owner of any building perform labor or furnish materials for the construction or repair thereof, should upon filing the proper notice have a lien upon the building and the lot upon which it was situated,' where such a lien was claimed for materials furnished and work done upon a row of brick buildings upon different lots, under a joint contract therefor with the owner, held that such contract being joint the lien must be joint. The opinion by Mr. Justice BRADLEY contains: 'The contract was one, and related to the row as an entirety, and not to the particular buildings separately. The whole row was a building within the meaning of the law, from having been united by the parties in one contract, as one general piece of work.' The Supreme Court of South Dakota in Fullerton v. Leonard, 3 S. D. 118, 52 N. W. R. 325, uses the following language: 'It is the contract with the owners which is to govern the question before us. There was no separate contract with the several owners for the building of each house or the barn, nor was there, as disclosed from the complaint, a separate account for each building to be kept. But the contract was joint and was for the entire work, and the contract with the subcontractor with the plaintiff was of the same nature. The material was to be furnished for all the buildings for the sum specified, and not for each separately. It seems clear, then, that as between the contractors and the owners the buildings must be considered as one piece of work, and that the right to a joint lien can be maintained against all the buildings. The lien must have its foundation in the contract, and if the contract be joint the lien must be joint, or not at all.'

"The lien must follow the contract and no valid lien can be had against one particular lot or building. The plaintiff was entitled to a joint lien upon the building and both lots, but is not entitled to a separate lien upon one lot and the portion of the building situated thereon. See Sec. 6238, Rev. Codes 1905. If further authority is necessary, the following cases are in point: Phillips v. Gilbert, 101 U. S. 721, 25 L. Ed. 833; Holland v. Cunliff, 96 Mo. App. 67, 69 So. W. R. 737; Lehmer v. Horton, 67 Neb. 574, 93 N. W. R. 964; Seattle Lbr. Co. v. Sweeney, 33 Wash. 691, 74 Pac. R. 1001; Phillips v. Salmon River M. & D. Co., 9 Idaho 149, 72 Pac. R. 886; Bowman Lbr. Co. v. Newton, 72 Iowa 90, 33 N. W. R. 377; Childs v. Anderson, 128 Mass. 108; Premier Steel Co. v. McElwaine, 144 Ind. 619, 43 N. E. R. 878; Williamette Mills Co. v. Shea, 24 Ore. 40, 32 Pac. R. 762; Batchelder v. Rand, 117 Mass. 176; Eisenbeis v. Wakeman, 3 Wash. St. 534, 28 Pac. R. 923."

In Wilson v. Wilson, 51 Md. 159, the court say:

"The burden of proof is upon the complainants, who are the appellants, to show satisfactorily the delivery of these materials and their use in some one of the houses sought to becharged with the lien, and also, to bring the whole account filed within date, to show that the delivery was under the same original and continuing contract under which the previous materials had been furnished.

The house, 601, was sold, by the builder Joseph G. Wilson, to James E. Tyler in 1873, and on the 14th of April, 1873, it was released 'from all claims of lien for materials heretofore furnished, and also for any to be furnished to the final completion,' the appellants, among others, signing the release.

"This clearly excepts that house from the operation of this lien, and has also the effect of releasing the other

buildings from any charge or liability in consequence of material being furnished for it, either before or after the release."

See also Nickel v. Blanch, 10 Atl. R. 234.

From the authorities above cited it will be seen that the decree of the chancellor, insofar as it adjudicated priority in favor of Clearwater Builders' Supply Company, should be reversed, with directions to enter a decree not inconsistent with this opinion. It is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.