This case is here upon appeal from an order of the Circuit Court of Pinellas County, granting a motion substituting E. W. Burnett and P. C. Burnett, as complainants in lieu of the West Coast Builders Supply Company, who was the original complainant, in a cause seeking the foreclosure of a materialman's lien upon two certain lots, property of appellants.
Before the order of substitution was made, this cause was before this Court upon an appeal taken from an order sustaining a demurrer to the third amended bill of complaint and dismissing the bill. It was held on said appeal that the demurrer should have been overruled and the order was therefore reversed. See West Coast Builders Supply Co. v. Spears, 96 Fla. 178, 117 So. 794.
Pending further proceedings, West Coast Builders Supply Co. original complainant, below, was adjudged a bankrupt. Thereafter on November 16, 1928, E. W. and P. C. Burnett, appellees here, filed a petition to be substituted as parties complainant to which was attached (1) a certified copy of the order adjudicating the West Coast Builders Supply Company a bankrupt, (2) a copy of trustee's sale and assignment of all right, title, and interest to the lien and cause of action from trustee to appellees, and (3) the referee's order approving the sale and assignment from trustee to appellees.
Upon this petition the order was entered by the circuit court finding that "all interests in this suit and subject-matter thereof was duly sold and properly assigned by the trustees of said bankrupt estate to the said E. W. Burnett and P. C. Burnett, "and thereby requiring defendants to answer by January 24, 1929. No answer was filed *Page 982 
but appeal was taken from the said order and the only assignment of error presented here for review is based upon the trial court's entry of the above order.
It does not appear from the record presented on this appeal that appellants question the fact of the adjudication of bankruptcy, nor the sale and assignment to appellees. The only question presented here may be stated as follows: If after institution of suit to foreclose a materialman's lien the complainant is adjudged a bankrupt, can the trustee in such bankruptcy sell and assign such lien rights together with all interest in the suit and the subject-matter thereof and the assignee acquire thereby the full rights to proceed with suit to final judgment?
By Section 4858, Compiled General Laws of Florida, 1927, there is provided a lien assignment book in which shall be recorded all assignments of statutory liens presented to the Clerk for record. Materialmen's liens are statutory and prior in dignity to all others accruing thereunder. Sec. 5353, Compiled General Laws of Florida, 1927.
This Court has held that statutory liens of laborers and materialmen are assignable and that the assignee is vested with all the rights and interests of the assignor. Clarkson v. Lauderback, 36 Fla. 660, 19 So. 887; Tampa J. R. Co. v. Harrison, 55 Fla. 810, 46 So. 592; 40 C. J. 311, Sec. 410.
An "assignment of a thing in action * * * arising out of contract" is inferentially provided for by Section 4201 Compiled General Laws of Florida, 1927. It has also been held in this State that choses in action arising out of contract are assignable and may be sued upon and recovered by the assignee in his own name and right. Robinson v. Springfield Co., 21 Fla. 203; Smith v. Westcott, 34 Fla. 430, *Page 983 
16 So. 332; Martyn v. Amold, 36 Fla. 446, 18 So. 791. This suit arose out of a contract.
A "chose in action" has been defined to be "a right to personal things of which the owner has not the possession, but merely a right of action for their possession." Black's Law Dict.,; 2 Blackstone's Commentaries 389; 1 Chitty's Gen. Practice, 99; Words Phrases.
The general rule is that bankruptcy courts follow the decisions of the State Courts in their interpretation and application of state statutes regarding statutory liens. See Louisville Woolen Mills v. Tapp, 239 Fed. 463; 2 Am. Bankr. Rep. (N. S.) 504.
In 3 R. C. L. 233, Sec. 63, it is stated that "it is elementary that the effect of the adjudication in bankruptcy is to transfer the title of the property of the bankrupt and vest the same in the trustee, who has the right under the control and authority of the court, to administer the same, and no limitation on this general principle arises from the mere fact of the particular situation of the property, as the principle is general and embraces all property of the bankrupt estate, wherever situated." See also Robertson v. Howard, 229 U.S. 254, 33 S.Ct. 854, 57 L.Ed. 1174.
All right, title and interest to the bankrupt's statutory lien and the cause of action based thereon became vested in the trustee and he may assign and sell the same with the other assets in liquidation of the bankrupt's estate.
Attention is directed to 11 U.S.C.A. Sec. 110, where it is provided that the trustee of the estate of the bankrupt, upon his appointment and qualification "shall * * * be vested by operation of law to the title of the bankrupt * * * to all * * * (3) powers which he might have exercised for his own benefit," also "(5) property which *Page 984 
prior to the filing of the petition he could by any means have transferred," and "(6) rights of action arising upon contracts * * *."
In the case of In Re Raudoine, (D.C. N.Y. 1899) 96 Fed. 536, 3 Am. Bankr. Rep. 55, order vacated (C.C.A. 1900) 101 Fed. 574, it was held that the term "property" of bankrupt is used in the broadest sense and is intended to include every species of property, not legally exempt, that can be made available for the benefit of creditors. See also Earle v. Maxwell, 86 S.C. 1,67 S.E. 962, 138 A. S. R. 1012; Fisher v. Cushman (Mass. 1900) 103 Fed. 860, 43 C. C. A. 381, 51 L. R. A. 292.
We conclude that a cause of action based upon a statutory lien of a bankrupt may be legally assigned by the trust for a valuable consideration under the order of the court having jurisdiction of the suit. It appears that the court committed no error in granting the application of appellees to substitute E. W. Burnett and P. C. Burnett as parties complainant to the amended bill of complaint. Therefore the said order should be and the same is hereby affirmed.