FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-0132
_____

FLORIDA ROOF MASTERS, LLC,
and NICHOLAS D. CARLUCCI,

  Appellants,

  v.

BONNIE S. PAGE, an individual,

  Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Mark E. Feagle, Judge.


December 10, 2025

PER CURIAM.

  Appellants Florida Roof Masters, LLC, and Nicholas Carlucci appeal from the final summary judgment entered in favor of Appellee Bonnie Page. There are two issues on appeal, only one of which merits discussion. We agree with Roof Masters that the trial court erred in ruling that it did not have standing to bring a breach of contract claim against Page based on her refusal to make the final payment provided for in their contract.

  Roof Masters and Page signed a contract under which the former would provide roofing services, and the latter would pay for it. The total cost of the contract was $18,000. Page paid $9,000 prior to services being performed but refused to pay the balance

upon completion. Roof Masters retained the services of a collection company to pursue collection of the debt on its behalf. The collection contract provided for the collection company's pursuit of the debt "on behalf of Roof Masters," and if the company was successful, it would keep a percentage of the recovery as payment—the remainder, of course, going to Roof Masters. If the company was unsuccessful, Roof Masters was not responsible for the collection company's costs.

Though the collection contract makes several references to the "assigned debt," there is nothing in the contract that has the collection company purchasing the debt from Roof Masters, so there was no full and unconditional assignment of all Roof Masters's interests in the roofing contract to the collection company. *Cf. Robinson v. Springfield Co.*, 21 Fla. 203, 217–18 (1885) (describing difference between an absolute assignment, under which there is no remaining interest in the assignor, and an assignment in which the assignor retains an interest in what is due). Page's alleged debt gave rise to an assignable chose in action. *Cf. Spears v. W. Coast Builders' Supply Co.*, 133 So. 97, 97 (Fla. 1931). To the extent there was an assignment at all under the collection contract, it was with respect to the chose in action to allow the collection company to sue on Roof Masters's behalf. The assignment did not put the chose "beyond the future control of" Roof Masters. *Sammis v. L'Engle*, 19 Fla. 800, 804 (1883). That is, the collection contract's terms do not state that Roof Masters gave up all its rights to enforce its contract with Page. *Cf. Cont'l Cas. Co. v. Ryan Inc. E.*, 974 So. 2d 368, 376 (Fla. 2008) ("An assignment has been defined as 'a transfer or setting over of property, or of some right or interest therein, from one person to another.' . . . [O]nce transferred, the assignor no longer has a right to enforce the interest because the assignee has obtained all 'rights to the thing assigned.'") (citations omitted).

"Standing is a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly." *Hayes v. Guardianship of Thompson*, 952 So. 2d 498, 505 (Fla. 2006). In other words, for Roof Masters to have standing to sue on its own contract, all it had to show was that it had a "direct and articulable stake in the outcome of a controversy." *Brown v. Firestone*, 382 So.

2d 654, 662 (Fla. 1980). Roof Masters has not received any recompense for the debt that ostensibly remains outstanding. It naturally stands to gain financially if its suit against Page is successful. The collections contract gave a right to sue on behalf of Roof Masters; it was not an absolute assignment. Notably, had the collection company sued Page, Roof Masters would still have been a necessary party. *See Robinson*, 21 Fla. at 217–18.

We therefore reverse the summary judgment as to the breach of contract count brought by Roof Masters. We otherwise affirm.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

LEWIS, ROBERTS, and TANENBAUM, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jennifer Catherine Biewend and Kris Bradshaw Robinson of Robinson, Kennon & Kendron, PA, Lake City, for Appellants.

Meagan Lindsay Logan of Douglas & Douglas, Lake City, for Appellee.

3