7564

EARLE, TRUSTEE, v. MAXWELL.

Bankrupt—Cloud on Title.—A contingent remainder in land to be sold by trustee after death of life tenant and proceeds divided among the contingent remaindermen becomes personal property and during the life of the first taker is such property as the trustee of one remainderman is vested with under the bankruptcy statute, the trustee may maintain an action to remove a cloud on the title of such remainder, and by permission of the Court may sell the interest of the bankrupt.

Before DANTZLER, J., Anderson, August, 1909. Affirmed.

Action by C. B. Earle as trustee for creditors of F. B. Maxwell against F. B. Maxwell *et al.* From Circuit decree, defendant, Maxwell, appeals.

*Messrs. Hood* and *Sullivan,* for appellant, cite. *Interest of bankrupt is not transferable:* 24 Ency., 397; 50 S. C.,

1—86

208; 10 S. C., 387; 7 Ency., 475; 62 S. C., 487; 23 S. C., 387; 7 Ency., 476; 101 Fed., 233; 106 Fed. 670; 110 Fed., 145; 108 Fed., 520; 9 N. E., 184. *Contingent remainder not subject of mortgage:* 54 S. C., 423.

*Mr. B. F. Martin,* contra, cites: *Bankrupt could transfer his interest that passes to trustee:* Sec. 70a of Bankrupt Act; Rem. on Bkrcy., 540, 538, 539; 51 L. R. A., 297. *He can transfer his interest:* 54 S. C., 423; 62 S. C., 482; 2 Hill Eq., 235; 26 S. C., 451; 23 S. C., 382; 16 Ency., 729-30; 24 Ency., 407; 2 Ency., 1031; 140 U. S., 529; 99 U. S., 303; 24 Ency., 406-7; 22 Ency., 1034-5; 113 U. S., 340; 1 Hill, 134; 16 Ency., 721; Pom. Eq. Jur., secs. 1285-6, 1287-8; 23 Ency., 260, 263-4; 1 Spear's Eq., 49; 10 S. C., 414. *Remainder may be created in personal property:* 16 S. C., 309; 1 DeS. Eq., 271; 2 Kent's Com., 352; Pom. Eq. Jur., secs. 1285-6; 2 Bl. Com., 298; 36 S. E., 404; 67 S. C., 482, *and may be transferred:* 16 Cyc., 653; 19 Conn., 107, 19 N. Y., 384; 179 Ill., 267; Rice Eq., 459; 73 S. C., 42.

April 29, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from a decree overruling a demurrer to a complaint, the material allegations of which may thus be stated: On the 24th of February, 1908, the defendant, F. B. Maxwell, made an assignment of all his property for the benefit of his creditors to J. M. Paget. Thereafter, on the 18th day of March, 1908, Maxwell was adjudged a bankrupt by the District Court of the United States, and Martin & Earle, a partnership composed of B. F. Martin and C. B. Earle, became trustee for the bankrupt estate. This action was originally brought in the name of the partnership as trustee, but afterwards the referee in bankruptcy, with the consent of a majority of the creditors in numbers and amount, substituted C. B.

Earle as trustee, and the complaint was amended to conform to the change.

F. B. Maxwell, the bankrupt, is the grandson of F. C. V. Borstell, and the son of Mrs. Alice Maxwell. By his will, Borstell made the following devise: "I will and bequeath to my daughter, Alice Maxwell, my lot on Brick Range with the store room, offices and all buildings connected therewith, and in view of the misfortunes of life which are incident to all persons, however prudent and cautious they may be, and not from any distrust of my said daughter or her husband, I have concluded to make this a trust property, and, therefore, vest the fee simple of said lot and buildings in D. S. Maxwell, as trustee for her, to have and to hold all and singular the said premises to him and his heirs and assigns. In trust, nevertheless, for the following uses and purposes: That my said daughter shall have the right to use, occupy and possess the said property, to receive the issues, rents and profits of the same, for and during the term of her natural life, and at her death, the same to be sold and the proceeds to be divided among her children, share and share alike, the share of any deceased child, or remote descendant to take the share to which the parent would be entitled if living as under the Statute of Distributions. And should the said trustee die or by any means a change should be necessary, my said daughter shall have the right to appoint a new trustee in writing without application to any Court, who shall have all the rights conferred on the said D. S. Maxwell, and so continue to appoint new trustees as often as a contingency may arise."

Mrs. Maxwell, the life beneficiary of the trust, is still living, and it is, therefore, uncertain whether at her death the bankrupt will take, or his children, or their children or descendants. Some years before Maxwell was adjudged a bankrupt he undertook to assign his interest under the will to his aunt, Miss Von Borstell, now Mrs. Coleman, but this

assignment is alleged to be invalid for lack of record or other notice to subsequent creditors.

The trustee, believing Maxwell's interest in the trust estate to be salable, advertised it for sale, and thereupon received notice from the bankrupt that his contingent interest was not the subject of sale, and that "said sale would be contested." The allegation is made "That by reason of such notification and claim on the part of F. B. Maxwell, and on the part of others on his behalf, a cloud has been, and is now being cast upon the title of the interest of the plaintiff as trustee, and that on account of the resultant probability of the bidding for the said interest being chilled by virtue of such claim and cloud upon the title as aforesaid, the plaintiff withdrew said interest from sale and now desires the question of title and salability of the said interest to be determined and declared by the Court, and the cloud from said title removed." The relief asked is that the cloud on the title be removed; that the Court determine and declare the salability of the interest of the bankrupt, and order the plaintiff as trustee to sell and convey it.

In the decree of the Circuit Court this statement appears: "By consent of counsel, the demurrer to the original complaint is to be considered as made to the amended complaint." The first ground of demurrer to the original complaint was: "Because it appears from the face of the complaint that the plaintiffs have not legal capacity to sue for the following reason, to wit: sections 44 and 45 of the act of Congress entitled 'An act to establish a uniform system of bankruptcy throughout the United States' provides that the creditors of a bankrupt estate shall appoint one or three trustees of the estate, who shall be individuals or corporations, whereas, it appears from the complaint that Martin & Earle, a partnership composed of B. F. Martin and C. B. Earle, and engaged in the practice of law, was appointed trustee of said estate by the creditors of the bankrupt estate."

This was the only objection made to the capacity of the plaintiff to sue, and it was removed by the amendment alleging C. B. Earle to be the sole trustee and substituting his name as plaintiff for the firm name of Martin & Earle. Therefore, the point made in argument that C. B. Earle was not properly appointed trustee of the bankrupt estate was not before the Circuit Court and cannot be considered by this Court.

By the demurrer the bankrupt, Maxwell, submits that the complaint does not state a cause of action; first, because his interest under the will is contingent, and is, therefore, not the subject of sale; and, second, because the will provides that the land shall be sold on the death of his mother and the proceeds divided, and, therefore, his interest is personalty, with respect to which an action to remove a cloud on title cannot be maintained.

Section 70a of the bankruptcy statute provides that the trustee of the estate of the bankrupt shall "be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, except insofar as it is to property which is exempt," to "all property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold by judicial process against him." The Bankruptcy Statute further provides for the sale of the property of the bankrupt subject to the approval of the bankrupt Court.

Since, under the will, the trustee therein named was to sell the land and divide the proceeds of the sale after the death of the life beneficiary, the interest of F. B. Maxwell and the other children of Mrs. Maxwell is a contingent interest, not in the land, but in the proceeds of the land, which is personalty. *Wood* v. *Reeves,* 23 S. C., 382; *Walker* v. *Killian,* 62 S. C., 482, 40 S. E., 887.

The Court held in *Pickens* v. *Pickens,* 13 Rich. Eq., 111, that while a contingent interest in land passes to the assignee of an insolvent, the sale must be postponed until the con-

tingent interest should become vested. It has been often decided in this State that an assignment or mortgage of a contingent remainder in land is good, at least in equity. *Alston* v. *Bank of the State,* 2 Hill's Chancery, 235; *Rountree* v. *Rountree,* 26 S. C., 450, 2 S. E., 474; *Bank* v. *Garlington,* 54 S. C., 413, 32 S. E., 513. Under the bankruptcy statute, providing that all property which the bankrupt could by any means have transferred passes to the assignee, there can be no doubt that a contingent remainder in land would pass and would be subject to sale by the trustee.

The interest of the bankrupt in this case not being an interest in the land, but in personal property—the money to be realized from the sale of the land—it might have been doubtful under the authority of *Wood* v. *Reeves, supra,* whether it could be assigned or mortgaged; for in that case the view is indicated that such a possible future interest in personal property could not be mortgaged. But in the later case of *Walker* v. *Killian, supra,* it is expressly held that while a paper in the form of a mortgage of such a possible future interest in personal property cannot operate as a mortgage, it is good in equity as an assignment.

In three cases in the District Court of the United States, and in one case in the Circuit Court of Appeals, it has been held that such a contingent interest in either real or personal property, as is here involved, does not pass to the trustee in bankruptcy, because it is not property which could have been transferred by the bankrupt. *In re Hoadley,* 101 Fed., 233; *In re Gardner,* 106 Fed., 670; *In re Twaddell,* 110 Fed., 145; *In re Wetmore,* 108 Fed., 520. But these cases arose under the laws of New York and Pennsylvania. Under our law there can be no doubt that a bankrupt could transfer such an interest before his bankruptcy; and, that being so, the conclusion is inevitable that it passes to the trustee under a bankruptcy act, which provides that all "property" shall pass which the bankrupt "could by any means have transferred."

It is true, as has been often said, that a contingent remain-der is not technically an estate, but a mere possibility of an estate in the future, but that is very far from saying that it is not property.   The term property, used in the bankruptcy act, is of the broadest possible signification, embracing everything that has exchangeable value, or goes to make up a man's wealth—every interest or estate which the law regards of sufficient value for judicial recognition. *Chas. & W. C. Ry. Co.* v. *Reynolds,* 69 S. C., 481, 48 S. E., 476 ; *South Bound Ry. Co.* v. *Burton,* 67 S. C., 515, 46 S. E., 340 ; *Delassus* v. *United States,* 34 U. S., 117, 9 L. Ed., 71 ; *Knight* v. *United Land Association,* 142 U. S., 161, 42 L. Ed., 988.

It follows that under our decisions the interest of the bankrupt under the will was property which he could have transferred, and that, therefore, it passed to his trustee in bankruptcy to be sold by him.

While some authorities hold otherwise, we think there can be no doubt that a complaint to remove a cloud on the title to personal property may be maintained.   Pomeroy's Remedies, sec. 369.   Any distinction between real estate and personal property in this respect must be purely artificial and tend to hinder the practical administration of justice.   It is true, that the trustee is not in possession, and the general rule is that one out of possession, and claiming the title and right of possession, cannot maintain an action to remove a cloud on his legal title against another person in possession, for the reason that there is an adequate legal remedy by the action to recover possession when the title to land is involved, and by action of claim and delivery when the title and right of possession of personal property is involved.   *Pollitzer* v. *Beinkempen,* 76 S. C., 517, 57 S. E., 475.   But in this case the plaintiff is not entitled to possession, his property interest being a contingent remain-der.   The question which he presents to the Court is whether he has, as trustee, a right to assign this interest.   If he has

the right to sell the contingent interest of the bankrupt, then it is manifestly important to the trust estate that the cloud cast upon that right by the claim of the bankrupt that the purchaser will take nothing, should be cleared away before the sale. The only remedy which the plaintiff has to prevent a sacrifice sale of the trust property by reason of this claim, is to ask the Court to determine his right to sell before he offers the property. The right and duty of the plaintiff to have a fair sale of the property being evident, the Court should not withhold the relief asked.

It might have been more appropriate to have the right determined by application to the Federal Court having control of the bankrupt proceedings. But that point was not made by the demurrer, and it is not before us.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.