## APPEAL OF ANNA TAYLOR.

Docket No. 7042.   Submitted January 30, 1926.   Decided April 8, 1926.

A retained royalty right in an oil lease is property. When it, or a part of it, or an interest therein, is sold in 1921, the taxable gain or deductible loss resulting therefrom is based on the cost or the March 1, 1913, value thereof, in accordance with section 202 of the Revenue Act of 1921, and not upon the discovery value.

*Arthur J. Seaton, Esq.*, for the Commissioner.

Before TRAMMELL and PHILLIPS.

This is an appeal from the determination of a deficiency in income tax for 1921 in the amount of $4,473.25. The taxpayer contends that the amount of $32,000, received from the sale of a fractional part of her royalty interest in oil production from land which she owns and had leased is a return of capital and not income.

### FINDINGS OF FACT.

The taxpayer is an individual residing at Haynesville, La.   In 1890, 1901, and 1905 she and her husband acquired by purchase cer- tain tracts of land in Claiborne Parish, La., described as follows

N ½ of NE ¼ of NW ¼, Section 14, and SE ¼ of NE ¼ of Section 15, all in Township 23 North, Range 8 West, Claiborne Parish, La.

NW ¼ of NW ¼ of Section 14, Township 23 North, Range 8 West, Clai- borne Parish, La.

SE ¼ of SW ¼ of Section 11, Township 23 North, Range 8 West, Clai- borne Parish, La.

During 1919, the taxpayer leased the foregoing properties to one J. E. Smitherman, of Shreveport, La., retaining one-sixteenth royalty interest in all oil to be produced by the lessee.

In March, 1921, oil was discovered under the property and the field became known as the Haynesville oil field.   Subsequent to the dis- covery of oil, and during 1921, the taxpayer sold a portion of her retained royalty interest for $32,000.   After the sale she retained a 13/384 royalty interest in all the above-mentioned lands, ex- cept the SE ¼ of the SW ¼ of section 11, township 23 north range 8 west, in which she only retained a 13/768 interest.   For the fractional interest retained after the sale, the Commissioner has allowed a capital sum value of $224,064.20, and has further allowed the taxpayer depletion on said retained fractional interest at the unit rate of $0.97875 per barrel.   The Commissioner and the taxpayer are agreed on these figures.

### OPINION.

TRAMMELL: There is no controversy over the facts in this case The question to be determined is whether the basis which is to be applied against the cost of determining the profit or loss from the sale of the royalty interest is the cost or fair market price or value as of March 1, 1913, or is it to be the value which the seller would have had returned to her in the way of deductions for depletion based on discovery value had she retained the interest instead of selling it

The Commissioner relies upon section 202 of the Revenue Act of 1921 and the taxpayer relies upon section 214 (a) (10) of the same Act.   It therefore becomes necessary to examine each section for the purpose of ascertaining to what kind of business transactions result- ing in income each section is to apply.   The title of section 202 is " Basis for Determining Gain or Loss."   The title of section 214 is " Deductions Allowed Individuals."   From an examination of the titles and each section separately, it appears that Congress intended to set out in section 202 a basis for determining gain or loss in the case of every sale or other disposition of property.

The question then arises: Did the taxpayer in this case sell or dispose of property? The admitted facts are that she sold a fractional royalty interest in oil to be produced by the lessee.

The term " property " has frequently been held by the courts to include every interest one may have in any and everything that is the subject of ownership. *Frorer* v. *People*, 141 Ill. 171; 31 N. E. 395; *Watson* v. *City of Boston*, 209 Mass. 18; 95 N. E. 302.

In the case of *Lynch* v. *Alworth-Stephens Co.*, 267 U. S. 364; 45 Sup. Ct. 274, the United States Supreme Court had before it the question whether the interest of a lessee in ore deposits was property for the purpose of the deduction allowed by statute on account of the exhaustion, wear and tear of property. The court said:

> It is, of course, true that the leases here under review did not convey title to the unextracted ore deposits, *United States* v. *Biwabik Mining Co.*, 247 U. S. 116, 123; but it is equally true that such leases, conferring upon the lessee the exclusive possession of the deposits and the valuable right of removing and reducing the ore to ownership, created a very real and substantial interest therein. See *Hyatt* v. *Vincennes Bank*, 113 U. S. 408, 416; *Ewert* v. *Robinson*, 289 Fed. 740, 746-750. And there can be no doubt that such an interest is property. *Hamilton* v. *Rathbone*, 175 U. S. 414, 421; *Bryant* v. *Kennett*, 113 U. S. 179, 192.

In the disposition of that case, the court said that there was nothing to suggest that the word " property," from which the deduction on account of exhaustion was permitted, is used in any restricted sense. If the interest of a lessee in a mining lease where the title to ore had not been conveyed was property, we think that there can be no basis for holding that the interest which the taxpayer had and which she sold, that is, the right to receive royalties on all oil recovered from the land, is not property. There is nothing to suggest that the term " property, real, personal, or mixed," as found in section 202 of the Revenue Act of 1921, should be given a more limited meaning than the term " property," for the purpose of exhaustion, contained in section 12 (a) (2) of the Revenue Act of 1916. The taxpayer had the right to receive royalties on oil recovered. She could have enforced and protected that right. She could not have been deprived of it without due process of law. The fact that it was property is further shown from the fact that she sold and conveyed it to another person. The Commissioner has also allowed the taxpayer a deduction on account of the exhaustion of that part of the royalty right which she retained. The same thing can not be property for one purpose and not property for another.

The taxpayer having sold property, whether it be real, personal, or mixed, the transaction comes within the provisions of section 202 of the Revenue Act of 1921. The basis for determining gain or loss on the sale or other disposition of property is the cost or the March 1, 1913, value thereof if acquired prior to that date.

Section 214 of the Revenue Act of 1921, which allows a deduction to taxpayers for the depletion of oil based on discovery value, except in so far as such a deduction reduces the basis, is not applicable to determine gain or loss from the sale of property. The only basis recognized for determining gain or loss is the cost or the March 1, 1913, value of property. Discovery value has no connection or relation to such a basis. Section 211 (b) of the Revenue Act of 1921 provides as follows:

(b) In the case of a bona fide sale of mines, oil or gas wells, or any interest therein, where the principal value of the property has been demonstrated by prospecting or exploration and discovery work done by the taxpayer, the portion of the tax imposed by this section attributable to such sale shall not exceed, for the calendar year 1921, 20 per centum, and for each calendar year thereafter 16 per centum, of the selling price of such property or interest.

The above is a relief provision applicable by its own terms to taxpayers who themselves carry on prospecting or exploration work, and who make discoveries based upon which the property has its principal value. The taxpayer did not cite the above section as being applicable to this appeal, and clearly it has no application. The taxpayer did not make the discovery and does not come within the provisions of the above section. This section, however, throws some light upon this appeal. It indicates that Congress did not consider that section 214 relating to depletion allowances was applicable to gain or loss on the sale of property. If the provisions of section 214 were applicable and the taxpayer had the right to recover the discovery value before reporting any profit from the sale of mining properties, including any interest therein, it would have been unnecessary for Congress to have made provision by section 211 (b) above-quoted.

Having concluded that the taxpayer sold property in 1921, the question then presents itself as to whether she owned this property on March 1, 1913, and, if so, what was its value on that date.

The taxpayer owned the fee title to the property on March 1, 1913. This included all subordinate rights, including the right to seek oil and to recover any oil that might be under the surface of the land, and the right to make a lease giving any other person the right to drill for oil and to recover any that might be found. She authorized, by a lease, other persons to drill for oil in 1919, and as consideration for this lease received the right to receive royalties in the event oil was recovered. No oil had been discovered in this territory in 1913. It was not discovered until 1921. The taxpayer in her brief concedes that the right to drill for oil had no value on March 1, 1913. It must follow that the right to receive royalties had no value at that time.

Since the taxpayer sold property, within the meaning of section 202 of the Revenue Act of 1921, in excess of cost, and this property

had no value on March 1, 1913, the entire consideration received for such property is taxable gain.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*