## APPEAL OF J. S. FOWLER, SR.

Docket No. 3260. Decided July 27, 1926.

As the taxpayer operated his business as a sole proprietorship, money withdrawn from the cash drawer by him but included in gross profits should not be charged to him a second time as income from salary.

*J. Alexander Neely, Jr., Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before STERNHAGEN, GREEN, and LOVE.

This is an appeal from the determination of a deficiency in income tax for the years 1919 and 1920, in the aggregate amount of $7,134.17. The controversy arises over: (a) The refusal of the Commissioner to allow a deduction for rent claimed to have been paid in 1919 by the taxpayer in the amount of $2,302.55. The Commissioner allowed only $1,202.55.

(b) The inclusion by the Commissioner in gross income for 1919 of a quantity of cotton produced in 1919, but carried over into 1920 and sold in 1920.

(c) The action of the Commissioner in increasing the profits realized on the sale of a tract of land to Frank Pilgrim from $6,180 to $8,080.

(d) The action of the Commissioner in alleging a profit of $31,400 in the sale of 700.2 acres of land to R. E. McKinney for $80,000, the taxpayer claiming no profits were realized.

(e) The action of the Commissioner in increasing from $456.15 to $1,105.65 the profits realized on the sale of 11.34 acres of land out of the same tract from which were taken the 700.2 acres sold to R. E. McKinney.

(f) The action of the Commissioner in alleging a profit realized on the sale in 1920 of the taxpayer's life estate in a city block, with improvements, in the City of Anderson, S. Car., for the amount of $40,000. The taxpayer claimed that no profit was realized.

(g) The action of the Commissioner in disallowing a deduction of $1,191.57 as expenses of operating automobiles used by his collectors in his business.

(h) The action of the Commissioner in charging $3,174.62 as salary paid by the taxpayer to himself.

From the depositions and testimony taken at the hearing, the Board makes the following

FINDINGS OF FACT.

The taxpayer is an individual residing in Anderson, S. Car. His principal business is the operation of several farms in and near Anderson.

In 1919, the taxpayer is entitled to deduct the following items as customary and reasonable expenses of his business:

| | |
|---|---|
| To Mrs. Cunningham for use of 500-acre tract | $700 |
| To Mrs. Cooley for use of 800-acre tract | 1,000 |
| To Mrs. J. C. Simpson for use of property | 350 |
| To colored church for use of lot at stable | 60 |
| To J. W. LaBoon for use of farm | 120 |
| Total | 2,230 |

The taxpayer kept his accounts on a cash receipts and disbursements basis. Cotton of a market value of $7,500 was produced in 1919, but sold in 1920.

In 1919 the taxpayer owned property which had cost him $6,300. This he gave, together with $14,000 in cash, to Mrs. Cunningham in exchange for a tract of land. The latter tract of land he sold in 1919 to Frank Pilgrim for $26,080.

Prior to 1902, the taxpayer bought a number of adjoining tracts of land aggregating 733.75 acres, for which he paid $19,364.75. From time to time prior to March 1, 1913, he made the following improvements at the following costs:

| Improvement | Cost |
|---|---|
| Ditching | $10,000 |
| Building | 15,000 |
| Ginnery | 4,000 |
| Clearing and terracing | 3,500 |
| Dwellings and outbuildings | 6,000 |
| Total | 38,500 |

On March 1, 1913, the value of the 733.75 acres, together with the improvements, was $73,375, or $100 per acre. In 1919, the taxpayer sold 700.2 acres of this land to R. E. McKinney for $80,000, and in the same year he sold 11.34 acres of this land to C. E. Pilgrim for $956.15.

Prior to 1913, the wife of the taxpayer conveyed to him a life estate in a certain city block in Anderson. Subsequent to such conveyance, the taxpayer expended $40,000 and upwards in improvement of this property. On March 1, 1913, the entire property was worth $140,000. He sold his life estate in this property to the remaindermen for $40,000.

The taxpayer had some expenses incident to the operation of two automobiles for the use of his collectors in 1920.

In the return for 1920, the Commissioner added to gross income $3,174.62 as salary received by the taxpayer from his own business, of which he was sole proprietor. This money was already included in gross income of the taxpayer, and was so accounted for in his return.

### OPINION.

LOVE: The taxpayer has established by uncontradicted testimony the fact that in 1919 he paid out as customary and reasonable expenses of his business a total of $2,230 for the use of land, on which he conducted his operations for gain. He therefore should be allowed to deduct this amount as an expense of his business.

Although the taxpayer's method of accounting was very unsatisfactory, for the purpose of calculating his income, nevertheless, it

appears from the testimony that it was on a cash receipts and disbursements basis, and that cotton which had a market value of $7,500, produced in 1919 but carried over to and sold in 1920, was included in the calculation of the 1920 income tax, and ought not to be included in the calculation of the 1919 income tax.

The taxpayer in 1919 realized a taxable profit of $5,780 when he sold a tract of land to Frank Pilgrim for $26,080. By a series of purchases and trades he acquired property which, the evidence shows, cost him $6,300. In 1919 he gave this property and $14,000 cash in exchange for a tract of land. In the same year he sold this latter tract for $26,080. The cost subtracted from the selling price leaves $5,780 as profit.

There was considerable testimony in regard to the sale of two tracts of land, one to R. E. McKinney and the other to C. E. Pilgrim. After consideration of all the testimony concerning the March 1, 1913, value of this land, it is our opinion that the fair value on March 1, 1913, of the 733.75 acre tract was $73,375, or $100 per acre. Included in this March 1, 1913, value were improvements in the way of ditching, buildings, a ginnery, and clearing and terracing, which in all cost the taxpayer $38,500 prior to 1913. Between 1913 and 1919 certain of these improvements had undoubtedly depreciated. But in the absence of any testimony as to the character of the improvements or their rate of depreciation, we are unable to include this item in our calculation of the taxable profit realized from the sale of this land and must assume that the Commissioner is satisfied that it has been taken care of in other ways. Accordingly, we hold that the taxpayer realized a taxable profit or gain of $9,802.15 when in 1919 he sold 700.2 acres for $80,000 and 11.34 acres for $956.15.

The only thing in controversy between the taxpayer and the Commissioner in regard to the sale by the taxpayer in 1920 of his life estate in the city block was the March 1, 1913, value of the entire property. We find this value to have been $140,000, and, by a calculation agreed upon, the taxpayer received no taxable gain in 1920 when he sold his life estate to the remaindermen for $40,000.

There is no satisfactory evidence on which to base a deduction for expenses which the taxpayer claims he paid for the operation of two automobiles for the use of his collectors in 1920. No books or expense accounts or positive testimony by anyone who had kept account of these alleged expenditures was given in evidence. Consequently, no deduction can be allowed, although money was actually spent by the taxpayer in operating these business cars.

The testimony shows that on the 1920 return someone has charged the taxpayer with $3,174.62 as salary, the contention being that it was money which he had received from his own cash drawers. It

was testified that all of this money had been included in the gross income of the taxpayer on the 1920 return, and, as he could only receive the money once, it should be charged to him as income only once.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*