*1379 OPINION.
Smith:
The petitioner and the respondent are substantially in accord as to the amount of petitioner’s gross receipts from- the sale of the property in 1920 hut are at difference both as to the date of its acquisition by petitioner and as to its cost or March 1,1913, value. The petitioner contends that he did not acquire the property prior to March, 1920; that under the Hortense C. Fowler deed executed in 1907 he acquired only a contingent interest in the property which did not vest or become a certainty until by virtue of the agreement entered into in 1920. In support of this contention he cites Martin & Earle v. Maxwell, 86 S. C. 1; 67 S. E. 962, and Home Bank of Lexington v. Fox, 113 S. C. 378; 102 S. E. 643, which he claims are authority for the proposition that under the laws of South Carolina the interest in property of a remainderman, conditioned upon his survival of the holder of the prior estate, is not a vested but a contingent estate which is not subject to attachment by creditors. The petitioner then deduces that a “ contingent interest ” is not an “ acquired interest ” and that, therefore, he did not acquire his gift under the deed of Hortense C. Fowler in the year 1907.
It is not material, as we see it, whether the petitioner acquired under the deed in question a vested or a contingent interest in the property, or whether such interest as he did acquire was or was not subject to attachment, levy and sale under the laws of South Carolina. Whatever interest he did acquire, whether contingent or vested, was property under the laws of South Carolina and within the meaning of the taxing statute. In Martin & Earle v. Maxwell, supra, the court said:
* * * . It is true, as lias been often said, that a contingent remainder is not technically an estate, but a mere possibility of an estate in the future; but that is very far from saying that it is not property. The term “ property,” used in the bankruptcy act, is of the broadest possible signification, embracing everything that has exchangeable value, or goes to make up a man’s wealth' — every interest or estate which the law regards of sufficient value for judicial recognition. Chas. & W. C. Ry. Co. v. Reynolds, 69 S. C. 481, 48 S. E. 476; South Bound Ry. Co. v. Burton, 67 S. C. 515, 46 S. E. 340; Delassus v. United States, 34 U. S. 117, 9 L. Ed. 71; Knight v. United Land Association, 142 U. S. 161, 12 Sup. Ct. 258, *1380 35 L. Ed. 974. It follows that under our decisions the interest of the bankrupt under the will was “ property ” which he could have transferred, and that, therefore, it passed to his trustee in bankruptcy. to be sold by him.
Restriction of the meaning and scope of the term “ property ” as used in the taxing statutes may not be imputed. Lynch v. Alworth-Stephens Co., 267 U. S. 364. See also Anna Taylor, 3 B. T. A. 1201, and other cases there cited. Section 202(a) (1) of the 1918 Act provides :
(a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or miked, the basis shall be—
(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; * * *
The reasonable and practicable interpretation of the statute is that it includes all forms of and interests in property whatsoever.
Under the deed of Hortense C. Fowler the petitioner acquired a certain interest in the property which was capable of a definite valuation at March 1, 1913. In arriving at the March 1, 1913, value of such interest the respondent has used a method of valuation which is not here in dispute. He has found that the value of. the entire property known as the Fowler square at March 1, 1913, was $54,-394.52. The petitioner claims a value of $140,000. It is not necessary here to analyze the evidence relating to valuation. . It convinces us that the value claimed by the petitioner is a reasonable one. This evidence is corroborated by the fact that in a prior case before the Board, J. S. Fowler, Sr., 4 B. T. A. 427, we found that the identical property had a value at March 1, 1913, of $140,000.
Upon the same method of valuing the March 1, 1913, value of petitioner’s interest in the Fowler square as that used by the respondent, but using as the value of the fee on March 1, 1913, $140,000 instead of the $54,394.52 used by the respondent, the March 1, 1913, value of petitioner’s interest in the property was $41,108.37. Since no question has been raised by either party as to the correctness of the method used by the respondent in valuing the petitioner’s interest in the property on Márch 1, 1913, we accept the same for the purpose of arriving at the value.
In computing the profit upon the sales in 1920 the respondent has included in the sale price $45,000 representing the consideration paid by Sallie C. Crayton to the petitioner for his interest in the western half of the square. We think that this was error. The evidence indicates that the consideration named in the deeds was merely for the purpose of showing an even swap and the petitioner testified that there was no intention on the part of any of the parties that the transaction should be anything more than an even swap of one interest for another. The facts are clear that all that the petitioner *1381 got out oí the transactions at the close of 1920 was an undivided one-half interest in lots 9, 10, 11 and 15, wliieh the respondent determined cost the petitioner $T,210.85, plus cash and first mortgages received from the auction sales of $37,417.25 and $5,000 cash received from Stringer. The total amount received in value of land and cash or the equivalent of cash was $49,628.10. The total profit from the entire transactions was $8,519.73. The deficiency letter indicates that the petitioner had other income for the year of $1,200. The tax liability should be computed accordingly.
Section 3176 of the Revised Statutes, as amended by section 1317 of the Revenue Act of 1918, provides in part as follows:
* * * In case of any failure to make and. file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner of Internal Revenue shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax. * * *
The petitioner filed no return for the year 1920 until one had been made for him by the deputy collector. We think that there was no reasonable cause for the delinquency and that the 25 per cent penalty provided for by the statute attached.
Reviewed by the Board.
Judgment will he entered on 15 days’ notice, under Rule 50.