R. R. RATLIFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VADA RATLIFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 84460, 84461. Promulgated October 27, 1937.

───────

*W. F. Tarver*, Esq., for the petitioners.
*J. E. Marshall*, Esq., and *J. H. Yeatman*, Esq., for the respondent.

OPINION.

HILL: In these consolidated cases the respondent determined a deficiency of $88.12 in income tax against each petitioner for the year 1933. The petitioners owned a certain royalty interest in oil lands in Texas, one-half of which they sold for $7,121.25 cash. In making their returns for income tax they each reported one-half of the $7,121.25 and each claimed a deduction for depletion of 27½ percent, which the respondent disallowed. The correctness of re-

spondent's ruling is the question for decision. The facts have been stipulated as follows:

It is agreed that the facts in this case are that R. R. Ratliff and wife Vada Ratliff were and are residents of the State of Texas, and filed their income tax returns in the 1st District of Texas, and are the owners in fee simple of a one-half undivided interest in a certain 56.87 acre tract of land in the T. & N. O. Railway Survey No. 6, which was patented to Edward Calvert Smith and R. R. Ratliff as assignee to Wm. S. Rhodes by the State of Texas by Letters Patent dated November 3, 1932, Montgomery County, Texas. (The owner of the other one-half is Edward Calvert Smith). On or about October 1932, R. R. Ratliff and wife Vada Ratliff and Edward Calvert Smith executed an oil and gas lease to the Bishop Oil Company of California, reserving a ⅛ royalty of all of the oil and gas produced. Shortly thereafter an oil well was drilled and oil produced, and is still producing. On or about March 16th, 1933, which was after oil was produced, R. R. Ratliff and wife Vada Ratliff sold to Steve Farrish a one-half of their royalty in the oil and gas and other minerals produced for a cash consideration of $7,121.25. That in their returns for the calendar year 1933, petitioners each reported one-half of this amount, and each claimed a depletion deduction of 27½ percent on one-half of the said sum of $7,121.25 received from the sale of the royalty interest. The respondent disallowed said deductions. The only issue before the Board is whether petitioners are entitled to the depletion deduction claimed.

We think that the respondent was correct in disallowing the claimed deductions for depletion as depletion is not allowable on sales, but is confined to operating income. Without elaboration, it is sufficient to cite the following cases:

In *Darby-Lynde Co.* v. *Alexander*, 51 Fed. (2d) 56, it was said:

The discussion before the Senate Finance Committee, where the amendment which ultimately became section 204 (c) (2), 26 USCA § 935 (c) (2) originated, discloses that the framers of this legislation had in mind operating income as distinguished from income derived from sales. See report of hearings before that Committee, pages 153, 154, 177 and 179.

We conclude that the words "gross income", as used in section 204 (c) (2), *supra*, mean income derived from the sale or other disposition of oil and gas produced, and not from the sale of the oil and gas properties.

Cf. *Macon Oil & Gas Co.*, 23 B. T. A. 54.

In *Commissioner* v. *Fleming*, 82 Fed. (2d) 324, the same result was reached and the court held that, where undivided interests in oil and gas leases were sold for cash plus certain amounts payable from part of lessee's share of oil and gas produced, the vendor was entitled to deduct depletion allowance from part of income arising from reserved oil in computing taxable income, but not from part arising from cash payment.

In *Anna Taylor*, 3 B. T. A. 1201, the Board held to the same effect and there said:

Section 214 of the Revenue Act of 1921, which allows a deduction to taxpayers for the depletion of oil based on discovery value, except in so far as

such a deduction reduces the basis, is not applicable to determine gain or loss from the sale of property. * * * This section, however, throws some light on this appeal. It indicates that Congress did not consider that section 214 relating to depletion allowances was applicable to gain or loss on the sale of property.

In *J. M. Hudson*, 14 B. T. A. 983, the petitioner and his wife owned the fee simple title to certain lands, which they leased and retained the usual royalty interest. After oil was discovered they sold part of their royalty interest for cash and it was held they were not entitled to depletion on the part sold. The Board there said:

> The petitioner is contending that in computing the profit or loss resulting from the sale of a portion of his and his wife's royalty interests, they should be permitted to apply against the selling price such amounts as the respondent would have allowed them as deductions under section 214 (a) (10) of the 1921 Act for depletion based on a discovery value as if they had not sold such a portion of their royalty interest. This was the identical question that was before the Board in the *Appeal of Anna Taylor*, 3 B. T. A. 1201, in which we decided adversely to such a contention. Our decision there is controlling here. See also *Appeal of S. T. Hunt*, 4 B. T. A. 1077.

It is earnestly argued on behalf of petitioners that these cases apply only to lessors and lessees and not to owners of the fee as they are. It is sufficient answer to this to point out that in the *Fleming* and *Hudson* cases, *supra*, the taxpayers were the owners of the fee, had made leases, and retained royalties or interests in oil. Clearly petitioners' position is not tenable. The ruling above referred to has never been departed from and the ruling of the respondent is approved.

*Decision will be entered for the respondent.*